passed. The devise in this case is precisely like that in the case of Denn v. Mellor, "to Mary Dickenson, after my debts and funeral expenses are paid." But I am of opinion, upon the other expressions in the will, that Mary Dickenson took an estate in fee simple in all the real estate of the testator. Judgment for defendant.

## Case No. 4,743.

### In re FERNBERG et al.

[2 N. B. R. 353 (Quarto, 114); 1 Chi. Leg. News, 163; 2 Am. Law T. Rep. Bankr. 53.] [1]

District Court, S. D. New York. Jan. 20, 1869.

BLATCHFORD, District Judge. This view of the register is approved.

## Case No. 4,744.

### FERRAND v. FOWLER.

## Case No. 4,745.

### FERRARA et al. v. The TALENT.

[Crabbe, 216.] [2]

District Court, E. D. Pennsylvania. May 22, 1838.

---

[1] [Reprinted from 2 N. B. R. 353 (Quarto, 114), by permission. 2 Am. Law T. Rep. Bankr. 53, contains only a partial report.]
[2] [Reported by William H. Crabbe, Esq.]

Mr. Grinnell, for libellants.
Mr. Gillou, for respondent.

HOPKINSON, District Judge. The libel of complaint in this case is founded on the act of congress of the United States, passed on the 20th July, 1790, which ordains that every ship or vessel belonging to a citizen of the United States, bound on a voyage across the Atlantic ocean, shall, at the time of leaving the last port from which she sails, have on board, well secured under deck, at least sixty gallons of water, one hundred pounds of salted flesh meat, and one hundred pounds of wholesome ship bread, for every person on board such ship or vessel, besides such other provisions, stores, and live stock, as shall, by the master or passengers, be put on board. The act then enacts that in case the crew of any ship or vessel, which shall not have been so provided, shall be put on short allowance, in water, flesh, or bread, during the voyage, the master or owner of such ship or vessel shall pay, to each of the crew, one day's wages, beyond the wages agreed on, for every day they shall be so put on short allowance. It is clear by this law that the claim for additional wages is not founded on the mere fact or circumstance that the crew were put on short allowance, but on the neglect or omission of the master to take on board of his vessel the quantity and species of provisions required by the act of congress. If the crew have been put on short allowance, and the ship had not the requisite provisions on board, then the penalty ordained by the act accrues, and may be recovered by the seamen. The two circumstances must concur; that is, a deficiency in the quantity or quality of provisions directed by the law, and a short allowance, in order to entitle the crew to the remedy provided by this act of congress.

What is the evidence in this case? To support the complaint of the libel, two witnesses were examined—Nicolo Fiera and Francisco Ferrara. They speak of their hav-